Demarest v. Little.

GEORGE W. DEMAREST ET AL., EXECUTORS, &c., v. HENRY S. LITTLE, RECEIVER, &c.

1. Damages recoverable for the death of any person are limited by the statute to such as arise from pecuniary injury, resulting from the death, to the widow and next of kin.

2. Injury received by some of the next of kin, by the dissolution of a partnership relation between them and deceased, is not within the scope of the statute.

3. Injury claimed to arise by the deprivation of such services and counsel as a father might probably give to his children, must be limited to such services and counsel as would be of pecuniary advantage, and must be determined with careful reference to the age, condition and relations of the parties.

4. Where the injury claimed is the deprivation of the probability of receiving such probable accumulations as deceased might have made if he had continued in life, income derivable from funds invested, and which the next of kin have received, should not be taken into account, and due weight must be given to contingencies which might diminish the probable accumulations or divert them from the next of kin.

In case. On rule to show cause, &c.

Argued at November Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the rule, B. Williamson.

Contra, John Linn.

The opinion of the court was delivered by

MAGIE, J. This action was brought to recover damages for the death of plaintiffs' testator, which occurred in the disaster at Parker's Creek bridge, on the Long Branch Railroad, on June 29th, 1882. Defendant was charged with responsibility therefor as receiver of the Central Railroad Company of New Jersey, and as having, in that capacity, contracted to carry deceased with due care.

The case was first tried in 1883, and a verdict rendered for plaintiffs, assessing their damages at $30,000. This verdict was afterwards set aside upon a rule to show cause. No opinion was delivered, but the court announced that a new trial was allowed because the damages were excessive. The case has been again tried, and the verdict has been again rendered for plaintiffs, assessing their damages at $27,500. A rule to show cause was allowed and is now sought to be made absolute upon the following grounds : first, that the evidence was not sufficient to justify the conclusion that testator's death was due to negligence or want of care; second, that if so, defendant, as receiver, was not liable for any negligence except his own, while the alleged negligence was that of employees; and third, that the damages awarded are excessive.

Upon the first ground it was urged that the evidence upon this trial was variant from and more favorable to defendant than that produced on the former trial. Whether that be so or not, a careful perusal of the evidence satisfies me that there was sufficient to warrant the conclusion that testator's death was due to negligence or want of proper care.

The second objection has already been disposed of in a case growing out of this same disaster, and in which the Court of Errors has affirmed the responsibility of the receiver for such negligence. *Woodruff's Adm'r* v. *Little, Receiver*, 17 *Vroom* 614. The verdict ought not to be disturbed on those grounds.

The question presented. by the claim that the damages are excessive is of more difficulty. The action is created by statute, which supplies the sole measure of the damages recoverable therein. They are to be determined exclusively by refer-

ence to the pecuniary injury resulting to the widow and next of kin of deceased by his death. The injury to be thus recovered for has been defined by this court to be "the deprivation of a reasonable expectation of a pecuniary advantage which would have resulted by a continuance of the life of deceased." *Paulmier* v. *Erie Railway Co.*, 5 *Vroom* 151. Compensation for such deprivation is therefore the sole measure of damage in such cases. A difficult task is thereby imposed upon a jury, for they are obliged to determine probabilities, and "must, to a large extent, form their estimate of damages 'on conjectures and uncertainties." But the case in hand seems to present less complicated problems than other cases of the same nature.

Deceased left no widow, and but three children. All of them had reached maturity. Two sons were self-supporting; the daughter was married. He owed no present duty of support, and there is nothing to show any fixed allowance or even casual benefactions to them. They were therefore deprived of no immediate pecuniary advantage derivable from him. At his death he was in business, in partnership with his sons and son-in-law. All the partners gave attention to the business and the capital was furnished by deceased. His death dissolved the partnership and deprived the surviving partners of such benefit as they had derived from his credit, capital, skill and reputation. But the injury thus resulting is not within the scope of this statute, which gives damages for injuries resulting from the severance of a relation of kinship and not of contract. No damages could be awarded on that ground.

Defendants strenuously urge that, outside of the partnership or in the event of its dissolution, the next of kin had a reasonable expectation of deriving from the parental relation an advantage by way of services rendered or counsel given by deceased in their affairs. A claim of this sort must be carefully restricted within the limits of the statute. The counsels of a father may, in a moral point of view, be of inestimable value. The confidential intercourse between parent and child

may be prized beyond measure, and its deprivation may be productive of the keenest pain. But the legislature has not seen fit to permit recovery for such injuries. It has restricted recovery to the pecuniary injury ; that is, the loss of something having pecuniary value.

Now it may with some reason be anticipated that a father, out of love and affection, might, if. circumstances rendered it proper, perform gratuitous service for a child, which, by rendering unnecessary the employment of a paid servant, would be of pecuniary value, and that he might, by advice in respect to business affairs, be of a possible pecuniary benefit. But whether such an anticipation is reasonable or not must depend on the circumstances. Considering the age, the assured position, the business and other relations of these children, it is obvious that the probability of any pecuniary advantage to accrue to them in these modes was very small. Indeed, it would not be too much to say that resort must be had to speculation to discover any such advantage. At all events, compensation for this injury in this case could not exceed a small sum without being excessive.

The principal basis for plaintiffs' claim is obviously this : that the death of deceased put an end to accumulations which he might have thereafter made and which might have come to the next of kin. Deceased had accumulated about $70,000, all of which, except $10,000 capital invested in the business, seems to have been placed in real estate and securities as if for permanent investment. By his will the bulk of his property was given to his children. At his death he had no other sources of income than his investments and his business.

In determining the probability of accumulations by deceased if he had continued in life, no account should be taken of the income derivable from his investments. These have come in bulk to the children, who may, if they choose, accumulate such income. A deprivation of the probability of his accumulating therefrom is no pecuniary injury. On the contrary, it is rather a benefit to them to receive at once the 'whole fund in lieu of the mere contingency or probability of receiving it,

though with its accumulations, (at best uncertain,) in the future. Indeed, the benefit thus accruing to the next of kin in receiving at once this whole property, in the view of one of the court, is at least equivalent to the present value of the probability of their receiving it hereafter, if deceased had continued in life, with all his probable future accumulations from any source whatever, in which case it is evident that his death has not resulted in any pecuniary injury to them. But without adopting this view of the evidence, it is plain that in determining probable future accumulations. attention should be restricted to such as would arise from the labor of deceased in his business. His receipts from the business for the two years it had been conducted were proved. What he expended was not proved, but left to be inferred from his mode of life. At death he was about fifty-six and a half years old, and by the proofs had an expectation of life of sixteen and seven-tenths years.

From these facts the jury were to find what deceased would probably have accumulated, what probability there was that his next of kin would have received his accumulations, and then what sum in hand would compensate them for being deprived of that probability. In what manner the jury attempted to solve this problem we cannot ascertain. Plaintiffs' counsel attempts to show the correctness of the result reached, by calculation. He assumes the income of deceased from his business during the last year as the annual income likely to be obtained, and deducts only $1000 each year as the probable expenditure of deceased, and then finds the present worth of the net income so determined for the deceased's expectation of life is $27,710.32.

This calculation tests the propriety of this verdict, and in my judgment conclusively shows that it was rather the result of sympathy or prejudice than a fair deduction from the evidence. For, assuming the amount attributable to the loss of deceased's services was but small, (and if more it was excessive,) the award of the jury on this account was but a few hundred dollars less than the present worth of the full net in-

come if received for his full expectancy of life.    To reach such a result the jury must have found every one of the following contingencies in favor of the next of kin, viz. : that deceased, who had already acquired a competence, would have continued in the toil of business for his full expectancy of life ; that he would have retained sufficient health of body and vigor of mind to enable him to do so, and as successfully as before; that he would have been able to avoid the losses incident to business, and would have safely invested his accumulations; and that the next of kin would have received such accumulations at his death.    A verdict which attributes no more weight than this has, to the probability that one or more of all these contingencies would happen, cannot have proceeded from a fair consideration of the case made by the evidence.

Having reached this conclusion, what should be the result as to the verdict ?

The charge of the court below declared the rule of damages with accuracy.    The verdict is a second one and somewhat smaller than that previously set aside as excessive.    It is unusual to set aside a second verdict, but though unusual it is within the power of the court in the exercise of its discretion. That power will be discreetly used in setting aside any verdict which does palpable injustice.

To obviate, if possible, the necessity of another trial, it has been determined that if plaintiffs will reduce their verdict to $15,000 by remitting the excess, the verdict may stand for that sum, and the rule to show cause be discharged.    Unless they consent to such remission, the rule must be made absolute.